**In the Matter of Ronald SCHROEDER and Kathy Schroeder, Debtors.**

**In the Matter of Jerry WHITE and Alberta White, Debtors.**

**In the Matter of Arthur HANSEN and Mae Hansen, Debtors.**

**In the Matter of Harold LOGAN and Suzanne Logan, Debtors.**

**In the Matter of ROBSHIR, INC., Debtor.**

**Bankruptcy Nos. BK89–40480, BK89–40447, BK89–40446, BK88–40319 and BK89–40846.**

United States Bankruptcy Court, D. Nebraska.

Sept. 5, 1990.

Albert P. Burnes, Lincoln, Neb., for debtors.

Tad D. Eickman, Wilber, Neb., for Saline State Bank.

Richard K. Lydick, Omaha, Neb., Chapter 12 Trustee.

Patricia M. Dugan, Omaha, Neb., Asst. U.S. Trustee.

MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In each of these cases, debtor's counsel has filed an application for approval of attorney's fees. The applications are problematic because debtor's counsel was paid after commencement of the cases without leave of the court. The fee applications are as follows:

RONALD SCHROEDER AND KATHY SCHROEDER

BK89–40480

Application for Attorney's Fees (Fil. # 49)

Supplement to Application (Fil. # 62)

JERRY WHITE AND ALBERTA WHITE

BK89–40447

Application for Attorney's Fees (Fil. # 65)

Supplement to Application (Fil. # 78)

ARTHUR HANSEN AND MAE HANSEN

BK89–40446

Application for Attorney's Fees (Fil. # 46)

Supplement to Application (Fil. # 54)

HAROLD LOGAN AND SUZANNE LOGAN

BK88–40319

Application for Attorney's Fees (Fil. # 63)

Supplement to Application (Fil. # 70)

IN RE ROBSHIR, INC.

BK89–40846

Application for Attorney Fees (Fil. # 38)

Objection thereto (Fil. # 53)

Supplement to Application (Fil. # 74)

A hearing was held in the *In re Robshir, Inc.* case on March 28, 1990. A hearing in all other cases was held on April 11, 1990.

## FACTS

The Hahn Law Office represents the debtors in each case. The firm was retained with court approval and the firm filed a disclosure of compensation in each case pursuant to Bankruptcy Rule 2016. The disclosure statements provide that the firm received certain funds from the debtor in the form of a retainer before the commencement of the bankruptcy case, and that the firm was to receive a second payment in a specified amount from the debtor after the case was commenced.

The applications for fees filed by the Hahn Law Office request approval of a gross fee amount. The applications do not state what payments have been received by the firm from the debtors. In response to the court's inquiry at the hearings, the Hahn Law Office disclosed that it received certain post-petition payments from the debtors in each of the cases without leave of the court. I required the Hahn Law Office to file supplements to its fee applications to disclose information about the post-petition payments. Supplements were filed disclosing that in each case the firm had been paid a retainer after the filing of the bankruptcy petition without leave of the court. The supplements represent that the post-petition payments were all placed in a trust account and that the funds have not been withdrawn by the firm.

I previously issued an order in *In re Stuthman*, Ch. 12 Case No. 87–512, slip op. (Bkrtcy.D.Neb. November 9, 1989) (Fil. # 254, BK87–512), which admonished the Hahn Law Office not to accept a retainer after the commencement of a bankruptcy case without leave of the court. In that order I stated "... post-petition payments are not permitted and Mr. Hahn and his firm are hereby admonished not to accept such payments in the future without leave of the court." Based on the supplements to the applications for fees in these cases, it is apparent that the Hahn Law Office received a post-petition payment in each case after the order in *In re Stuthman* was entered.

## ISSUES

1. Whether it is permissible, after the commencement of a case, for debtor's counsel to be paid for legal services and expenses from property of the estate without leave of the court?

2. Whether the Applications for Attorney Fees comply with Bankruptcy Rule 2016?

3. Whether undisclosed post-petition payments were made to the Hahn Law Office?

## DISCUSSION

■ I conclude that it is not permissible for post-petition payments to be made to debtor's counsel without specific prior authorization of the court, that the Applica-

tions for Fees do not comply with Bankruptcy Rule 2016, and that there is an ambiguity as to whether the Hahn Law Office received *undisclosed* post-petition payments for legal services.

■ First, it is contrary to Bankruptcy Code § 330 and Bankruptcy Rules 2016 and 2017 for an attorney to receive a post-petition payment from the debtor without leave of the court. If an attorney receives a post-petition payment without leave of the court, the funds may be disgorged and disallowed. *See, In re Kendavis Industries, Int'l,* 91 B.R. 742 (Bkrtcy.N.D.Tex. 1988); *In re Chapel Gate Apartments, Ltd.,* 64 B.R. 569 (Bkrtcy.N.D.Tex.1986). *See also In re Crimson Investments, N.V.,* 109 B.R. 397 (Bkrtcy.D.Ariz.1989); *In re C & P Auto Transport, Inc.,* 94 B.R. 682 (Bkrtcy.E.D.Cal.1988). Receiving post-petition payments without leave of the court circumvents carefully drafted statutes and rules governing the retention and compensation of professionals in connection with bankruptcy cases. *See* Bankruptcy Code §§ 327, 328, 329 and Bankruptcy Rules 2016 and 2017. Under the statutory and regulatory provisions, a post-petition payment from property of the estate may be paid to an attorney only with leave of the court and only after parties in interest have received notice and an opportunity to object. The fee application must include a statement of all payments made to the firm. Creditors and other parties in the case are entitled to notice of the application and an opportunity to object to the fees. A secret post-petition payment to debtor's counsel circumvents this carefully crafted scheme. If there is no disclosure of the post-petition payment, there will be no opportunity for the payment to be examined under Bankruptcy Rule 2017 or upon the request of a party in interest. Furthermore, if debtor's counsel does not make a fee application, or if the debtor's fee application does not unambiguously disclose the post-petition payment, as is the situation in the cases now before me, debtor's counsel will have been paid for service without court approval.

One other factor weighs heavily against permitting post-petition payments to debtor's counsel without leave of the court. The payment is, in effect, a secret preference to debtor's counsel by which debtor's counsel becomes assured of payment while the holders of other administrative claims are not similarly preferred.

The fact that debtor's counsel held the post-petition payment in a trust account does not change my conclusion. The transfer of funds to debtor's counsel constitutes either an outright payment or a secured transaction in which debtor pays the retainer to secure debtor's obligation to pay counsel for professional services. For the reasons previously discussed, a post-petition payment to debtor's counsel from property of the estate is prohibited without leave of the Court. Calling the payment a secured transaction does not provide a basis for permitting it to stand because the Bankruptcy Code prohibits a debtor from granting a lien without court approval.

Although I conclude that post-petition payments are prohibited without leave of the court, the payment of a retainer after the commencement of a case may be permitted in limited circumstances provided that an application is made and approved before the payment is made.

■ Second, I conclude that the fee applications should be denied because the applications fail to comply with Bankruptcy Rule 2016. The applications do not contain a clear and unambiguous statement as to "what payments have theretofore been made or promised to the applicant." *See* Bankruptcy Rule 2016(a). The applications simply request allowance of a gross amount and fail to set forth all payments which have been received by the firm. Based on the information before me, I cannot determine with certainty the total compensation paid or sought to be paid to the Hahn Law Office in connection with this case.

Third, upon review of the Rule 2016 disclosure statements, fee applications, and supplements to the fee applications, it is not clear whether the Hahn Law Office received post-petition payments which were

not disclosed in its Rule 2016 statement. Upon inquiry by the court, the Hahn Law Office acknowledged, at the hearing on the fee applications, that the firm received post-petition payments without leave of the court. Although the Hahn Law Office acknowledged this receipt, I cannot determine whether the post-petition payments correspond to the payments referred to in the disclosure statement. It is apparent from the Rule 2016 statement that the firm received a retainer from the debtors before the commencement of the case, and that the firm was to receive an additional payment after the commencement of the case. However, it is not apparent whether the 2016 statement accurately reflects and discloses all payments which have been made to the Hahn Law Office. For example, I cannot determine from the 2016 statements, the fee applications, and the supplements to the applications whether the firm was simply paid the amounts disclosed in the 2016 statement, or whether the firm received a post-petition payment in addition to the second payment contemplated by the 2016 statement.

IT IS THEREFORE ORDERED that the Applications are denied, and the Applicant shall file an amended application, within twenty-one (21) days hereof.

■ IT IS FURTHER ORDERED that the amended fee applications shall contain a complete and unambiguous disclosure of all payments received by the Hahn Law Office in connection with the above-referenced cases. Based on the Supplements to the Applications, it is apparent that a large portion of the requested fees in each case were received by the Hahn Law Office after I issued the order in *In re Stuthman* admonishing the firm not to accept post-petition payments without leave of the court. Therefore, as a part of the amended fee applications, I conclude that the Hahn Law Office shall show cause why the post-petition payments received after the date of the *Stuthman* order should not be disallowed and disgorged.